MRM:CCC
F. #2022R00828

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 03 2024 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

JOHN SACCENTE,

            Defendant.

------------------------------X

INFORMATION

Cr. No._____
(T. 18, U.S.C., §§ 371, 981(a)(1)(C) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.    The Defendant and Relevant Individuals and Entities

      1.    Barkley Rarities, Inc. ("Barkley Rarities") was a New York State corporation that purchased, sold and exchanged gold and silver coins. Barkley Rarities maintained an office in Ronkonkoma, New York.

      2.    The defendant JOHN SACCENTE, a resident of Brightwaters, New York, was the Chief Executive Officer and owner of Barkley Rarities.

      3.    Co-conspirator 1, an individual whose identity is known to the United States Attorney, was a resident of Oakdale, New York and sales representative with Barkley Rarities.

II.    The Fraud Scheme Victims

      4.    John Doe #1, an individual whose identity is known to the United States Attorney, was a resident of Goleta, California and a client of Barkley Rarities.

5. John Doe #2, an individual whose identity is known to the United States Attorney, was a resident of Rockwall, Texas and a client of Barkley Rarities.

6. John Doe #3, an individual whose identity is known to the United States Attorney, was a resident of Lexington, Texas, and a client of Barkley Rarities.

7. John Doe #4, an individual whose identity is known to the United States Attorney, was a resident of Cumming, Georgia and a client of Barkley Rarities.

III. The Fraudulent Scheme

8. In or about and between January 2021 and September 2023, both dates being approximate and inclusive, the defendant JOHN SACCENTE, together with others, engaged in a scheme to defraud more than fifteen elderly individuals throughout the United States who owned collections of gold and silver coins, including John Doe #1, John Doe #2, John Doe #3 and John Doe #4 (collectively, the "Victims"). It was a part of the scheme to defraud that the defendant and Co-conspirator 1 went to the Victims' residences and offered to purchase coins from the Victims' collections. The defendant and Co-conspirator 1 promised the Victims that they would first get the Victims' coins appraised, and then provide that appraisal to the Victims before consummating the transaction.

9. After the defendant JOHN SACCENTE and Co-conspirator 1 obtained the coins from the Victims, they exchanged the Victims' coins with less valuable replacement coins. SACCENTE and his co-conspirators then returned the replacement coins to the Victims, often mailing the replacement coins using the United States Postal Service. The defendant and Co-conspirator 1 falsely claimed to the Victims that the replacement coins they had provided to the Victims were worth significantly more than the coins' actual value. As a result, the Victims suffered significant financial losses.

## CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD

10. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between January 2021 and September 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN SACCENTE, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Victims, and to obtain money and property from the Victims by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, (a) did place in authorized depositories for mail matter to be delivered by the United States Postal Service, and cause to be deposited to be sent by private and commercial carriers, and taken and received therefrom, mail matter, contrary to Title 18, United States Code, Section 1341, and (b) did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

12. In furtherance of the conspiracy, and to effect the objects thereof, within the Eastern District of New York and elsewhere, the defendant JOHN SACCENTE, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a) On or about March 30, 2021, SACCENTE, together with others, mailed John Doe #1 at least one coin from the Eastern District of New York that he falsely claimed was worth significantly more than the coin's actual value.

(b) On or about December 1, 2021, SACCENTE, together with others, mailed John Doe #2 two coins from the Eastern District of New York that he falsely claimed were worth significantly more than the coins' actual value.

(c) On or about December 1, 2021, SACCENTE, together with others, mailed John Doe #3 a coin from the Eastern District of New York that he falsely claimed was worth significantly more than the coin's actual value.

(d) On or about February 1, 2022, SACCENTE, together with others, mailed John Doe #4 a coin from the Eastern District of New York that he falsely claimed was worth significantly more than the coin's actual value.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

13. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, to include the following:

(a) any and all of the defendant's collectibles seized by law enforcement at Barkley Rarities in Ronkonkoma, New York, pursuant to a search warrant executed on September 8, 2023, and all proceeds traceable thereto;

(b) Any and all funds on deposit in Bethpage Federal Credit Union Account Number XXXXXX2433, held in the name of and/or for the benefit of Barkley Rarities Inc., and all proceeds traceable thereto;

(c) Any and all funds on deposit in JPMorgan Chase Bank Account Number XXXXX8261, held in the name of and/or for the benefit of Barkley Rarities Inc., and all proceeds traceable thereto; and

(d) Any and all funds on deposit in JPMorgan Chase Bank Account Number XXXXXX1709, held in the name of and/or for the benefit of John M Saccente In Trust For Danielle Saccente, and all proceeds traceable thereto.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence.

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

*By Carolyn Pokorny, Assistant U.S. Attorney*

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00828
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

JOHN SACCENTE,

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 371, 981(a)(1)(C) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

_____

*Christopher C. Caffarone, Assistant U.S. Attorney (631) 715-7868*